IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL J. FITZPATRICK, ROSS DIETERLE, and DAVID FAHEY**, <br><br>            Plaintiffs, <br><br>     v. <br><br> **FARMERS INSURANCE EXCHANGE, a foreign insurance exchange**, <br><br>            Defendant. | Civil Case No. 3:11-cv-0553-KI <br><br> OPINION AND ORDER |

Travis W. Hall
Bateman Seidel Miner Blomgren Chellis & Gram P.C.
888 SW Fifth Avenue, Suite 1250
Portland, OR 97204

    Attorney for Plaintiff Michael Fitzpatrick

Page 1 - OPINION AND ORDER

Timothy Snider
Ryan Gibson
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204

      Attorneys for Defendant.

KING, Judge:

Plaintiffs Michael J. Fitzpatrick, Ross Dieterle, and David Fahey bring suit against Farmers Insurance Exchange (Farmers) for violations of the Age Discrimination in Employment Act, under 26 U.S.C. § 626, et seq., the Oregon statutory counterpart, ORS 659A.030, as well as a claim for whistleblower retaliation under ORS 659A.199. Pending before me is Farmers' Motion to Dismiss Fitzpatrick's Second Claim for Relief.

## BACKGROUND

Fitzpatrick initially filed a lawsuit against Farmers in Multnomah County Circuit Court on January 25, 2011, alleging age discrimination under the federal and state statutes. He did not serve Farmers with his complaint. He then filed a First Amended Complaint on April 6, 2011, joined by Dieterle and Fahey as plaintiffs. All plaintiffs then served the First Amended Complaint on Farmers.

Farmers removed the case to this court on May 5, 2011 on the basis of federal question jurisdiction.

## LEGAL STANDARDS

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state

a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The Court is required to "assume the veracity" of all well-pleaded factual allegations. Id. at 1950. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

A motion to dismiss based on statute of limitations grounds will be granted "if the running of the statute is apparent on the face of the complaint." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). A motion should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000).

## DISCUSSION

Farmers' motion to dismiss is directed solely at Fitzpatrick's age discrimination claim under ORS 659A.030 and is made on the basis of the statute of limitations. Farmers' argument is as follows: Fitzpatrick received his right-to-sue letter from the Bureau of Labor and Industries ("BOLI") on October 28, 2010; he was supposed to "commence" his lawsuit within 90 days of receiving the right-to-sue letter. ORS 659A.875(2). He filed his complaint within 90 days (on January 25, 2011), but under state law "commence" is defined to mean filed and served. ORS 12.020. If Fitzpatrick had served his complaint within 60 days of filing the complaint, the suit

would have been "commenced" on the date the complaint was filed. However, Fitzpatrick did not serve his complaint until April 7, 2011, 72 days after the complaint was filed. Accordingly, since Fitzpatrick failed to serve his complaint until 72 days after the complaint was filed, his suit "commence[d]" on the date of service (April 7, 2011), which was 161 days after BOLI mailed the right-to-sue letter. Consequently, Farmers asks that Fitzpatrick's second claim for relief be dismissed with prejudice under FRCP 12(b)(6).

Fitzpatrick does not dispute that he was required to "commence" his suit within 90 days of the date BOLI mailed the right-to-sue letter or that the time to serve is included in calculating when an action is "commence[d]." However, he argues that the 90 days was equitably tolled because BOLI transferred the action to the EEOC on January 21, 2011.

In support of his equitable tolling argument, Fitzpatrick refers to a Worksharing Agreement between BOLI and the EEOC by which each of the entities are each other's agents for the "purpose of receiving and drafting charges." Hall Decl. Ex. 2, Agreement at Section II.A.[1] Charges may be transferred between the agencies and, when one agency investigates "dual-filed" charges that are filed with both the EEOC and BOLI, the investigating agency is performing functions on behalf of itself and the other agency.

Here, Fitzpatrick filed his charge with the EEOC, but requested that it be "dual-filed." According to Fitzpatrick, the EEOC investigated the charge until it transferred it to BOLI on

---

[1] Fitzpatrick does not object to the court considering documents in resolving Farmers' motion to dismiss. The court may consider outside documents if "authenticity . . . is not contested" and the complaint "necessarily relies" on them. Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681 (9th Cir. 2006); see also Battan v. Allwest Underground, Inc., No. 08-CV-707-BR, 2008 WL 4191467, at *3-4 (D. Or. Sept. 5, 2008) (considered BOLI dismissal letter and other documents relevant to statute of limitations analysis).

Page 4 - OPINION AND ORDER

August 20, 2010. BOLI closed the charge on October 28, 2010 and issued the right-to-sue letter warning Fitzpatrick that he had 90 days "from the above mailing date" "to file a suit in state circuit court based on the allegations in this complaint[,]" but that BOLI's action "does not affect either the status of the EEOC investigation or your right to file a federal suit[.]" Id., Ex. 3. According to Fitzpatrick, BOLI subsequently notified him that it had transferred the charge back to the EEOC. In fact, the letter on which he relies is from the EEOC "notify[ing]" Fitzpatrick "that the above referenced charge of employment discrimination has been transferred to the Seattle Field Office of the U.S. Equal Employment Opportunity Commission (EEOC) for further processing." Id., Ex. 4. The EEOC subsequently dismissed the charge and issued its right-to-sue letter on March 14, 2011.

Fitzpatrick argues that, when BOLI transferred the case to the EEOC, the investigation did not end; it was merely a continuation of the investigation undertaken by BOLI. Since the EEOC's and BOLI's responsibilities are intertwined, according to Fitzpatrick, the statute of limitations should be tolled. Fitzpatrick relies on E.E.O.C. v. Thompson, CV 03-64-HA, 2003 WL 23538025 (D. Or. July 15, 2003), in which the statute of limitations was tolled during the EEOC's investigation; the court concluded "BOLI and the EEOC are so practically intertwined, as demonstrated by their work-sharing agreement, that tolling Oregon's statute of limitations is justified." 2003 WL 23538025, at *3.

I first consider the language of ORS 659A.875, which requires:

> (1) [A] civil action . . . .alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice unless a complaint has been timely filed [with BOLI] under ORS 659A.820.

>    (2) A person who has filed a complaint under ORS 659A.820 must commence a civil action . . . within 90 days after a 90-day notice is mailed to the complainant . . . .

All of the other courts to consider this statute have held that a plaintiff's state unlawful employment practice claim is time-barred when filed more than 90 days beyond the BOLI right-to-sue letter, even where the federal claim was filed within 90 days of the EEOC's right-to-sue letter. Sharer v. Oregon, 481 F. Supp. 2d 1156, 1164 (D. Or. 2007); Miller v. Aqua Glass, Civ. No. 07-3088-CL, 2010 WL 538230, at *3 (D. Or. Feb. 12, 2010) (adopted by Judge Panner); Tran v. Tyco Elec. Corp., No. 06-CV-1810-BR, 2007 WL 4322292, at *4 (D. Or. Dec. 7, 2007); Snook v. Rabold, No. CV 06-849-MO, 2006 WL 2934274, at *3 (D. Or. Oct. 12, 2006).

The Thompson opinion, however, is the only one in this district discussing the work share agreement between BOLI and the EEOC and the effect it may have on compliance with the time limitations set forth in ORS 659A.875. I do not find the decision persuasive. Thompson relied heavily on Salgado v. Atlantic Richfield Co., 823 F.2d 1322, 1325 (9th Cir. 1987), in which the Ninth Circuit equitably tolled California's statute of limitations until the EEOC issued a right-to-sue letter, even though the complaint was filed beyond the 90 days from the right-to-sue letter issued by the California Department of Fair Employment and Housing. In California, the equitable tolling doctrine is applied permissively. See McDonald v. Antelope Valley Cmty. Coll., 194 P.3d 1026, 1031-32, 1035 (Cal. 2008) ("usual rule that limitations periods are tolled while a party pursues an alternate remedy"). Indeed, California has since codified a change in the statute to toll the statute of limitations while the EEOC investigates the charge. Cal. Gov't Code § 12965(d).

In contrast, in Oregon, equitable tolling is "sparingly used," and usually in circumstances where the delay was beyond the plaintiff's control. See Rodriguez v. Williams, No. 08-290-ST, 2010 WL 1542092 (D. Or. Feb. 25, 2010) (citing Oregon cases). Here, plaintiff properly filed his lawsuit within the 90 days, but simply neglected to serve it on defendant within the requisite time. There is no evidence plaintiff was misled by the continuing EEOC investigation or that the delay in "commenc[ing]" the lawsuit was anything but a "garden variety claim of excusable neglect[.]" Gonzalez v. Adecco N. Am., LLC, No. 06-395-AS, 2007 WL 54780 (D. Or. Jan. 3, 2007) (adopted by Judge Haggerty) (no equitable tolling when plaintiff failed to file within 90 days of EEOC right-to-sue letter); see also Taylor v. W. Or. Elec. Co-op., Inc., No. CV-03-01311-ST, 2005 WL 2709540 (D. Or. Oct. 21, 2005) (discussing need for something more than excusable neglect).

In short, I agree with Farmers that there is nothing extraordinary about this case. Nothing precluded Fitzpatrick from commencing his case earlier–in fact he filed on time, but failed to serve on time.

///

///

## CONCLUSION

For the foregoing reasons, I grant defendant's Motion to Dismiss [3]. Fitzpatrick's second claim for relief is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___2nd___ day of August, 2011.

                 /s/ Garr M. King
                 Garr M. King
                 United States District Judge